5 F.3d 534
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jesus Ricardo AGUIRRE-MENDOZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70032.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Sept. 15, 1993.
 
 Before: WOOD**, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Jesus Ricardo Aguirre-Mendoza challenges an order of deportation based upon the predecessor to section 241(a)(2)(B)(i) of the Immigration and Nationality Act, 8 U.S.C. Sec. 1251(a)(2)(B)(i).[1] Aguirre entered the United States as a permanent resident in 1966. On March 1, 1990, he pleaded guilty in Imperial County Municipal Court to having been under the influence of opiates in violation of California Health & Safety Code Sec. 11550(a). Aguirre had a prior under-the-influence conviction for heroin use in 1989.
 
 
 3
 Under section 241(a)(2)(B)(i) and its predecessor, any alien "convicted of a violation of ... any law or regulation of a State ... relating to a controlled substance ... is deportable." Aguirre contends that under-the-influence convictions do not fall within this deportation provision. As we explain in our opinion in Flores-Arellano v. INS, No. 92-70129, filed contemporaneously with this memorandum, the statute plainly reaches under-the-influence convictions. Conviction of violating Cal. Health & Safety Code Sec. 11550(a) rendered Aguirre deportable.
 
 
 4
 Because we reject the only contention raised by Aguirre,[2] his petition for review is
 
 
 5
 DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the Courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Aguirre was found deportable under former section 241(a)(11) of the INA. The Immigration Act of 1990 recodified section 241(a)(11), with substantive revisions irrelevant to this case, as section 241(a)(2)(B)
 
 
 [2]
 We note that Aguirre does not challenge the discretionary denial of his application for waiver under section 212(c), 8 U.S.C. Sec. 1182(c)